IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED WILSON         :   CIVIL ACTION
                :
   v.            :
                :
DAVID VARANO, ET AL.     :   NO. 09-4797

## ORDER

**AND NOW**, this 3rd day of March, 2011, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and after review of United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation (Docket No. 19), and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Docket No. 25), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**;

2. The Report and Recommendation of Magistrate Judge Hey is **APPROVED** and **ADOPTED**;[1]

---

[1] In his Objections, Petitioner argues that the Magistrate Judge erred in failing to construe his § 2254 Petition as including a claim that the admission into evidence at trial of a redacted, video-recorded statement from his co-defendant violated of his confrontation rights under Bruton v. United States, 391 U.S. 123 (1968), and instead construed the Petition to assert only Bruton claims regarding two written codefendant statements. However, Judge Hey accurately noted that there was no mention of the video statement in Petitioner's § 2254 Petition and, thus, she correctly recommended that Petitioner had not asserted a claim regarding that particular statement. Moreover, even if we were to liberally construe Petitioner's Bruton argument to somehow include a challenge to the video statement, Judge Hey rightly recommended that any such claim was procedurally defaulted because Petitioner did not raise it in the prior state court proceedings and, thus, the state court had not had a "fair opportunity" to address the claim. Anderson v. Harless, 459 U.S. 4, 6 (1982) (quotation omitted).

  Petitioner now argues that we should excuse any procedural default under the "cause and prejudice" standard. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (stating that procedural default may be excused if petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law"). Petitioner asserts that he did not previously raise a claim regarding the video statement due to his counsel's ineffectiveness. Although ineffective assistance of counsel may constitute cause for a procedural default under certain circumstances, "the assistance must have been so ineffective as to violate the Federal Constitution," and the ineffectiveness claim must "'be presented to the state courts as an independent claim before it may

3. The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**;

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2); and

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000) (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986)). Here, Petitioner details no incompetence that could be characterized as a constitutional deprivation of counsel. In addition, he did not argue in his state court proceedings that his counsel was ineffective for failing to challenge the video statement. As such, he cannot rely on his counsel's ineffectiveness to establish cause under the "cause and prejudice" standard. We further observe that, to the extent that Petitioner relies on PCRA counsel's alleged ineffectiveness in failing to raise a claim concerning the video statement, his claim is also unavailing because "ineffectiveness of counsel is not cause where, as in post-conviction proceedings, a petitioner has no constitutional right to an attorney." Hull v. Freeman, 991 F.2d 86, 90 (3d Cir. 1993) (citation and quotation omitted). For all of these reasons, we conclude that Judge Hey did not err in refusing to consider whether Petitioner's rights were violated by the introduction of the redacted video statement.

We have also considered the other arguments Petitioner makes in his Objections, which are essentially reiterations of arguments that he made in his § 2254 Petition, and we conclude that Judge Hey thoroughly addressed and correctly resolved the issues raised. We therefore overrule Petitioner's Objections and approve and adopt the Report and Recommendation.